UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61796-CIV-MARRA/JOHNSON

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

HUGH T. MALONEY and NANI B.
MALONEY,

       Defendants.

_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion for Summary Judgment [DE 29].

The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

The facts, as culled from affidavits, depositions, answers, answers to interrogatories and

reasonably inferred therefrom in a light most favorable to the non-moving party, for the purposes

of this Summary Judgment Motion, are as follows:

A delegate of the Secretary of Treasury made assessments against Hugh and Nani

Maloney for unpaid federal income taxes, penalties and interest for the tax years 1995, 1999 and

2004. (Decl. of Edna McDonald ¶ 2; Certified Transcripts dated Aug. 17, 2007, Ex. 3; Certified

Transcripts dated July 6, 2007, Ex. 4.)   For the tax year 1995, the unpaid assessed balance,

assessed on December 2, 1996, is 41,830.00.[1]  (Certified Transcripts dated Aug. 17, 2007 at 1, 8.)

_____

[1] The IRS certified transcripts dated July 6, 2007 erroneously list a zero balance for the
Maloneys' 1995 liability. (Second McDonald Decl. ¶¶ 5-7.) Because the United States filed suit
in this case so close to the expiration of the period of limitations for collecting the Maloneys'
1995 taxes, the IRS computer system automatically, but erroneously, abated the amount due for

For the tax year 1999, the unpaid assessed balance, assessed on December 11, 2000, is $7,504.93. (Certified Transcripts dated July 6, 2007 at 24, 31, Ex. 4.)  For the tax year 2004, the unpaid assessed balance, assessed on April 3, 2006, is $169.69.  (Certified Transcripts dated July 6, 2007 at 49, 53.)

A delegate of the Secretary of Treasury made assessments against Hugh Maloney for unpaid federal income taxes, penalties and interest for the tax years 1996, 1998, 2000, 2002 and 2003. (Decl. of McDonald ¶ 3; Certified Transcripts dated July 6, 2007.)  For the tax year 1996, the unpaid assessed balance, assessed on November 24, 1997, is $45,224.51. (Certified Transcripts dated July 6, 2007 at 9, 16.)   For the tax year 1998, the unpaid assessed balance, assessed on November 22, 1999, is $38,126.36 (Certified Transcripts dated July 6, 2007 at 18, 23.)  For the tax year 2000, the unpaid assessed balance, assessed on November 19, 2001, is $19,384.58. (Certified Transcripts dated July 6, 2007 at 32, 37.)    For the tax year 2002, the unpaid assessed balance, assessed on November 17, 2003, is $51,527.36.  (Certified Transcripts dated July 6, 2007 at 38, 42.)   For the tax year 2003, the unpaid assessed balance, assessed on February 21, 2005, is $16,738.37.  (Certified Transcripts dated July 6, 2007 at 43, 48.)

According to the Plaintiff, notice of the assessments and demand for payment were properly made on the Maloneys. (Decl. of McDonald ¶ 4.)  Thus, according to Plaintiff, as of August 15, 2007, Hugh and Nani Maloney are jointly indebted to the United States in the amount of $95,972.96 plus fees, interest, and all statutory additions thereafter as provided by law for their

---

that year. (Second McDonald Decl. ¶ 4.) Thereafter, this computer error was corrected, as evidenced by the certified transcripts dated August 17, 2007. (Second McDonald Decl. ¶ 6.) The transcript entry in the certified transcript reflecting pending litigation refers to this matter, not a bankruptcy proceeding, and thus had no impact on the statute of limitations for collecting the Maloneys' 1995 taxes. (Second McDonald Decl. ¶ 6.)

taxes for 1995, 1999, and 2004. As of August 15, 2007, Hugh Maloney is indebted to the United States in the amount of $265,350.96 plus fees, interest, and all statutory additions thereafter as provided by law for his taxes for 1996, 1998, 2000, 2002, and 2003. (McDonald Decl. ¶ ¶ 6-7.)

Defendant Hugh Maloney challenges the assessments for the years 1996, 1998, 2000, 2002 and 2003.  The Maloney Affidavit states that $600.00 of payments towards the 1996 taxes were not credited by the Internal Revenue Service ("IRS").  (Aff. of Hugh Maloney ¶ B.)   In addition, the Maloney Affidavit states that his tax liability does not reflect his payment of $7,011.30 through social security deductions and checks to the IRS.  (Aff. of Hugh Maloney ¶ B.)   Finally, the Maloney Affidavit avers that there were additional payments made, and not credited, in the amount of $11,424.30. (Aff. of Hugh Maloney ¶ B.)

Defendant Hugh Maloney also points out that paragraph two of Plaintiff's statement of facts states that tax liability for the Hugh and Nani Maloney is $49,504.62 whereas paragraph six of Plaintiff's statement of facts states that tax liability for the Hugh and Nani Maloney is $95,972.96.  With respect to tax liability for Hugh Maloney, paragraph three of  Plaintiff's statement of facts states that tax liability for the Hugh Maloney is $171,001.18 whereas paragraph seven of Plaintiff's statement of facts states that tax liability for Hugh Maloney is $265,350.96.

In moving for summary judgment, Plaintiff points out that the assessment of federal tax by the IRS is presumed valid and Defendants have not produced any evidence that the outstanding balance of their tax liability is incorrect.  (Pl. Mot. 6-7.)   Defendants do not disagree with the legal standard advanced by Plaintiff; namely, that federal tax assessments are presumed valid.   Nor do they disagree that they have some tax liability to the Government.  Instead,

3

Defendants argue that receipts for social security deductions, bank records of Hugh Maloney and cancelled checks to the IRS raise a question of fact regarding the amount of taxes owed. (Def. Resp. 4.)   Moreover, Defendants claim that the United States is barred from collecting their unpaid 1995 taxes due to the statute of limitations. (Def. Resp. 2.)  In reply, Plaintiff asserts that the Government filed suit within the necessary 10-year period.  (Pl. Reply 3.)  Furthermore, Plaintiff points out that Defendants failed to provide evidence of uncredited payments to the IRS. (Pl. Reply 4.)   In addition, Plaintiff claims that many of the deductions that Defendants contend were not properly credited were applied to Defendants' tax liability for 1993 and 1994, years not at issue in this proceeding, and that the IRS properly credited the remaining payments.  (Pl. Reply 5.)  Lastly, Plaintiff asserts that, under Rule 36 of the Federal Rules of Civil Procedure, Defendants' failure to respond to its requests for admissions regarding the amounts owed results in those requests being deemed admitted. (Pl. Reply 7.)

After reviewing these submissions, the Court ordered Defendants to provide the Court with backup documents referred to, but not provided to the Court, in their response to the summary judgment motion. Furthermore, the Court requested that Defendants reply to Plaintiff's argument regarding the failure of Defendants to respond to the requests for admissions. [DE 39].

As a result, Defendants have provided a sworn affidavit by Hugh Maloney, with backup documents, identifying payments he made through social security deductions as well as cancelled checks that were to be credited to the 1996 tax assessment.[2] [DE 40] With respect to the requests for admission, Defendants claim that they never contested liability with respect to the 1995

_____

[2] Defendants did not provide backup documentation regarding the $11,424.30 previously referred to in the Maloney affidavit.

liability because they had not previously seen Plaintiff's evidence that suggested a statute of limitations defense. (Def. Surreply 6.)  With respect to the remaining admissions, Defendants claim that the requests for admissions "differ substantially" from the amounts indicated owed in the motion for summary judgment.  (Def. Surreply 6.)

        II. Summary Judgment Standard

        The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

        The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

        After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574,

586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party

"may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead

must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R.

Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct

discovery, it must come forward with affirmative evidence to support its claim.  <u>Anderson</u>, 477

U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not

suffice; there must be a sufficient showing that the jury could reasonably find for that party."

<u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-

moving party "is merely colorable, or is not significantly probative, then summary judgment may

be granted."  <u>Anderson</u>, 477 U.S. 242, 249-50.

<u>III. Discussion</u>

<u>A. Statute of Limitations</u>

Under 26 U.S.C. § 6502(a), the Government has a period of ten years to collect an unpaid

tax once it has been assessed.  Here, the Maloneys' 1995 federal income unpaid tax liability was

assessed on December 2, 1996. (Decl. of McDonald ¶ 2; Certified Transcripts dated Aug. 17,

2007 at 1.)  Accordingly, the statute of limitations was set to expire on December 2, 2006.

Plaintiff, however, filed this action on November 29, 2006 [DE 1].  Thus, Plaintiff filed suit

before the expiration of the statute of limitations.

Nonetheless, Defendants argue that an examination of the records provided by Plaintiff in

support of the motion for summary judgment shows that "the statute of limitations had run, but

the account had been reinstated because of bankruptcy proceedings." (Def. Resp. 2.)  In making

that argument, Defendants rely on an entry in the IRS certified transcripts of account dated

August 17, 2007 reflecting pending litigation, and an entry in the IRS certified transcript of

account dated July 6, 2007 reflecting an abatement of the Maloneys' 1995 tax liability on statute

of limitations grounds. (Certified Transcripts dated Aug. 17, 2007 at 7; Certified Transcripts

dated July 6, 2007 at 7.)

As explained by Edna McDonald, an IRS Revenue Officer, the IRS certified transcript

contains an error which lists a zero balance for the Maloneys' 1995 liability.  (Second McDonald

Decl. ¶¶ 5-7.)  The IRS computer system automatically abated the amount due for 1995 because

Plaintiff filed suit in this case within days of the expiration period of the statute of limitations.

The error was corrected. (Second McDonald Decl. ¶ 6.)   Finally, the transcript entry of

November 29, 2006 reflecting pending litigation refers to the instant action, not a bankruptcy

proceeding.  (Second McDonald Decl. ¶ 6.)  This affidavit puts to rest any question of fact on this

point.

Accordingly, the Court finds, as a matter of law, that Defendants' 1995 tax liability is not

barred by the statute of limitations.

B. Unpaid amounts owed

Defendants do not deny that an assessment of federal tax by the Internal Revenue Service

is presumed valid.  See United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989).  Nor do they

disagree that the taxpayer has the burden of overcoming the presumption of correctness by

proving that the method of computing the tax, and therefore the assessment, is arbitrary and

without foundation.  Olster v. Commissioner of Internal Revenue Service, 751 F.2d 1168, 1174

(11th Cir. 1985).  Instead, Defendants' opposition to the motion for summary judgment rests on

their position that Plaintiff has miscalculated the outstanding balance of their tax liability.  After careful review of the record and evidence submitted by the parties, the Court concludes that the state of the record does not allow the Court to decide this issue as a matter of law.

Defendant Hugh Maloney has submitted back up documents to support his contention that he has made several payments to the IRS through social security deductions.   These documents were issued by the Department of Treasury and reflect deductions from Defendant Hugh Maloney's social security payments to the IRS.  (Def. Ex. 3-26, DE 40.)  The dates of these deductions span from 2003 through 2005.  Significantly, these documents do not reflect the tax year that was credited as a result of these deductions. Thus, based on this evidence, the Court is unable to determine if these payments were taken into account by Plaintiff in determining Defendants' outstanding balance to the IRS.  Although Plaintiff claims that "many of the[se] deductions" were applied to Hugh Maloney's tax liability for 1993 and 1994, and not the years at issue in this proceeding, Plaintiff has failed to put forth evidence in support of that position.  (Pl. Reply 5.)   Thus, it is entirely unclear as to whether these deductions were credited to the tax years at issue in this action.[3]

In addition, Defendant Hugh Maloney has submitted several checks totaling $600.00 to the IRS that he intended to be used to pay down his 1996 tax liability.  (Def. Ex. 26-31, DE 40.) The checks reflect that they were accepted by the IRS, yet Defendant Hugh Maloney affirms that these payments were never credited by the IRS. The record evidence submitted by Plaintiff does

---

[3] The chart provided by Plaintiff in its reply memorandum does demonstrate, through the use of backup documentation, that the specific payments referenced in that chart were credited to Defendants' tax liability.  Those payments, however, are not the deductions identified by Defendants as being uncredited.

not rebut this contention. Instead, Plaintiff simply states that the certified IRS transcripts provides undisputed evidence to establish the outstanding tax liability of Defendants.  Thus, the Court finds that there is a question of fact regarding whether Plaintiff's calculation or Defendants' calculation of tax liability is correct.

Another area where the record lacks clarity concerns the differences in the amount that Plaintiff claims is owed by Defendants.  On one hand, Plaintiff states that tax liability for the Hugh and Nani Maloney is $49,504.62 (Statement of Fact, ¶ 2) but later states that tax liability for Hugh and Nani Maloney is $95,972.96 (Statement of Fact, ¶ 6).  Likewise, with respect to tax liability for Hugh Maloney, Plaintiff's statement of facts states that tax liability for Defendant Hugh Maloney is $171,001.18 (Statement of Fact, ¶ 3) but also claims his tax liability is $265,350.96 (Statement of Fact, ¶ 7).   Although Plaintiff states that the lower amounts reflect the "assessed balances due" and the higher amounts reflect the "unassessed statutory additions" (Pl. Reply 8), the affidavit submitted by McDonald raises a concern as to that explanation.  Her affidavit states that Defendants owe those higher amounts "*plus* fees, interests and all statutory additions." (emphasis added) (Decl. of McDonald ¶ ¶ 6-7.)   Hence, it is unclear whether those higher amounts include the statutory additions.  If they do not include those additions, then Plaintiff has provided different amounts owed for the same tax years.

Lastly, the Court addresses Plaintiff's argument that, under Rule 36 of the Federal Rules of Civil Procedure, the Defendants' failure to respond to Plaintiff's request for admissions results in those requests being admitted.  Those requests concerned the amounts Plaintiff claimed was owed by Defendants.  According to Plaintiff, those requests calculated the tax liability as of December 11, 2006 at $79,872.05 for 1996, $58,005.99 for 1998, $11,751.03 for 1999,

$25,052.78 for 2000, $71,834.87 for 2002, $18,940.08 for 2003, $385.69 for 2004.  Those amounts differ significantly from the amounts sought now.[4]  The record is unclear why these amounts are different. Given this difference, the Court finds that Plaintiff is not relying upon the requests for admissions in its motion for summary judgment. Thus, Defendants' failure to respond to the requests does not bind Defendants to the amounts now claimed by Plaintiff as due.

For the reasons stated herein, the Court finds that summary judgment with respect to the amount of taxes owed by Defendants cannot be decided as a matter of law and must instead proceed to trial.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 29] is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November 2007.

KENNETH A.  MARRA
United States District Judge

Copies to:

Hugh Mahoney, pro se

All counsel of record

---

[4] Plaintiff now seeks $45,224.51 for 1996, $38,126.36 for 1998, $19,384.58 for 2000, $51,527.36 for 2002, $16,738.37 for 2003 against Defendant Hugh Maloney and $169.69 for 2004 against Hugh and Nani Maloney.  (Statement of Facts, ¶¶ 2-3.)